2015-1409 (La. 1/13/17)

**STATE EX REL. John Earl SQUARE**

v.

**STATE of Louisiana**

**No. 2015–KH–1409**

Supreme Court of Louisiana.

01/13/2017

**PER CURIAM:**

In 1982, relator was found guilty of one count of armed robbery and sentenced to 25 years imprisonment at hard labor. In 1984, relator pleaded guilty to 13 additional counts of armed robbery and was sentenced to 13 concurrent terms of 40 years imprisonment at hard labor. He was released in 2003 for diminution of sentence after earning sufficient "good time credit." After he pleaded guilty in 2011 to possession of more than 200 pounds of marijuana, his release was revoked and the remainders of his armed robbery sentences were reinstated. For the reasons that follow, we grant relator's request for a writ of habeas corpus and order him released from state custody and supervision but only with regard to those 11 sentences for armed robberies he committed before July 1, 1982.

Before the enactment of La.R.S. 15:571.5 (effective July 1, 1982), early release for diminution of sentence resulted in complete satisfaction of the remainder of an inmate's sentence and full discharge from the custody and supervision of the state. *See State v. Anderson*, 349 So.2d 311, 313 (La. 1977); *see also* 1964 La. Acts 426. After the enactment, an inmate released for "good time" diminution of sentence remains under state supervision "as if released on parole" for the balance of his unexpired term of imprisonment. La.

R.S. 15:571.5(B)(2). The amendment specifically provided that "[t]he provisions of this Act shall apply to offenses committed on or after the effective date of this Act." 1981 La. Acts 762.

[2, 3] Retroactive changes in the law which have the effect of canceling accrued good time credits violate the Ex Post Facto Clause. *Lynce v. Mathis*, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). In addition, the controlling date for application of changes in good time eligibility must be the date the offense was committed. *State ex rel. Bickman v. Dees*, 367 So.2d 283 (La. 1978). Of relator's 14 armed robberies, 11 were committed before July 1, 1982, which is the effective date of 1981 La. Acts. 762. Therefore, those 11 sentences were fully satisfied when he was released for diminution of sentence in 2003. The remaining three armed robberies were committed after the July 1, 1982 effective date of the amendment and are not impacted by this ruling.